```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          NEWARK VICINAGE
```

|                    |   |                                |
|--------------------|---|--------------------------------|
| Jorge Alvarado,    | : | Civ. Action No. 15-3878 (SRC)  |
|                    | : |                                |
| Petitioner,        | : |                                |
|                    | : |                                |
|                    | : | **MEMORANDUM AND**             |
| v.                 | : | **ORDER TO SHOW CAUSE**        |
|                    | : |                                |
| Stephen D'Ilio,    | : |                                |
|                    | : |                                |
| Respondent.        | : |                                |

    Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), and Respondent filed a limited answer (ECF No. 6), arguing that the petition should be dismissed as barred by the statute of limitations, 28 U.S.C. § 2244(d). Petitioner replied that the statute of limitations should be equitably tolled because his appellate attorney did not timely notify him that the New Jersey Supreme Court had denied certification of his direct appeal; and the lack of Spanish language legal materials and Spanish language translation assistance contributed to his failure to comply with the statute of limitations. (Petitioner's Reply to Respondent's Answer to Petition for Writ of Habeas Corpus (ECF No. 5.))

    Garden variety claims of attorney negligence that cause a petitioner to miss the statute of limitations filing deadline do

not warrant equitable tolling. Holland v. Florida, 560 U.S. 631, 651-52 (2010). Here, it appears that Petitioner's attorney timely mailed him a notice of the New Jersey Supreme Court's denial of certification in May 2008, with advice on Petitioner's next steps for seeking relief, but Petitioner did not receive the letter until his attorney mailed it a second time in February 2010. (ECF No. 7 at 10-12.) This is the type of garden variety claim of attorney negligence that does not warrant equitable tolling.

However, Petitioner also asserted that his inability to read, write or speak English well is an impediment that precluded him from filing a timely petition. Petitioner stated "[b]ecause there is not enough evidence in the record to demonstrate [Petitioner's] language deficiency actually caused the delay in bringing his habeas, an evidentiary hearing is warrant[ed]." (ECF No. 7 at 5.) Petitioner further asserted "Petitioner is prepared to argue at an evidentiary hearing the issues of the lack of Spanish language materials and Spanish language translation assistance in the prison." (Id.)

Before Petitioner is entitled to an evidentiary hearing on the issue of whether his deficiencies in reading, writing and speaking English were an extraordinary circumstance justifying equitable tolling of the statute of limitations, he must first establish how he exercised reasonable diligence in bringing his habeas claims. See Pabon v. Mahoney, 654 F.3d 385, 402 (3d Cir.

2

2011) ("[e]ven if a petitioner has faced extraordinary circumstances, he must also "exercise[ ] reasonable diligence in ... bringing [the] claims." (quoting Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998) (internal quotation marks omitted)). In Pabon, where the Third Circuit held that an evidentiary hearing was required on the extraordinary circumstances prong of the petitioner's equitable tolling claim, the petitioner submitted documents showing:

> ten or more efforts where he sought assistance, both before and after the AEDPA deadline. After ascertaining that there were no Spanish-language legal materials in the RHU, Pabon wrote to his PCRA attorney, in Spanish, before October 28, 2004. He wrote a second letter seeking help from that attorney before November 30, 2004. At various times before September 7, 2006, he submitted "numerous written requests" seeking legal materials or assistance within the prison system. While in the RHU, he submitted a letter to the general population law library, with help from an English-speaking inmate, requesting assistance from the staff paralegal, but was denied assistance on September 19, 2006. On November 6, 2006, Pabon filed an "Official Inmate Grievance," with the assistance of inmate José Ortiz, again requesting access to legal services and stating that he does not speak, read, or write in English. That grievance was denied without explanation. All of these efforts occurred before the AEDPA filing deadline of November 6, 2006.
>
> Pabon's efforts did not stop there. Before December 22, 2006, he again sought help from an attorney. He submitted a second appeal for access to paralegal services before January 23, 2007. On February 4, 2007, he requested

3

> the appointment of an Inmate Legal Reference Aide, but never received a response to his request. Thereafter, he found a bilingual inmate who agreed to help him with his pro se habeas petition. That petition was signed (and, as noted, delivered to prison officials) on September 20, 2007.

Pabon, 145 F.3d at 402. Additionally, Petitioner should describe, in his written response to this Order, what he proposes to present at an evidentiary hearing to support his claim that his English reading, writing and speaking deficiencies were an extraordinary circumstance justifying equitable tolling of the statute of limitations.

**IT IS** on this 6th day of October, 2015,

**ORDERED** that Petitioner shall file a written response, within 21 days of the date of this Order, showing cause why his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 should not be dismissed as barred by the statute of limitations; the written response shall include: (1) a description of how Petitioner exercised reasonable diligence in bringing his habeas claims; (2) a description of what Petitioner proposes to present at an evidentiary hearing in support of his claim that his English reading, writing, and speaking deficiencies were an impediment to timely filing his habeas petition; and (3) any supporting documents; and it is further

**ORDERED** that Respondent may file a reply to Petitioner's written submission within seven days after the written submission is filed; and it is further

**ORDERED** that the Clerk of the Court shall serve this Order on Petitioner by regular mail.

\_\_\_\_s/ Stanley R. Chesler_____
Stanley R. Chesler
United States District Judge