**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|  |  |  |
|---|---|---|
| Jorge Alvarado, | : | Civ. Action No. 15-3878 (SRC) |
| Petitioner, | : |  |
| v. | : | **OPINION** |
| Stephen D'Ilio, | : |  |
| Respondent. | : |  |

**CHESLER**, District Judge:

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), and Respondent filed a limited answer (ECF No. 6), arguing that the petition should be dismissed as barred by the statute of limitations, 28 U.S.C. § 2244(d). Petitioner replied that the statute of limitations should be equitably tolled for two reasons: (1) his appellate attorney did not timely notify him that the New Jersey Supreme Court had denied certification of his direct appeal; and (2) the lack of Spanish language legal materials and Spanish language translation assistance contributed to his failure to comply with the statute of limitations. (Petitioner's Reply to Respondent's Answer to Petition for Writ of Habeas Corpus, ECF No. 7.) This Court rejected

Petitioner's argument for equitable tolling based on his appellate attorney's alleged negligence on direct appeal. (Order, ECF No. 8 at 2; ECF No. 12 at 3.) The parties submitted additional briefing on the issue of equitable tolling based on the lack of Spanish language legal materials and Spanish language translation assistance available to Petitioner in prison. (ECF Nos. 10, 11, 13, 14, 15.) For the reasons discussed below, the Court will dismiss the petition as time-barred.

I.   BACKGROUND

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims

>   presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a jury trial, on February 2, 2006, an amended judgment of conviction for murder was entered against Petitioner by the Hudson County New Jersey Superior Court, Law Division. (ECF No. 6-4 at 1-2.) Petitioner filed a timely direct appeal, and the Appellate Division affirmed his conviction on March 6, 2008. (ECF No. 6-6 at 1-6.) Petitioner filed a petition for certification to the New Jersey Supreme Court, and the New Jersey Supreme Court denied certification on May 16, 2008. (ECF No. 6-8 at 1.) Ninety days later, Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A). See Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999) (quoting Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) ("[u]nder § 2244(d)(1)(A), a state court criminal judgment becomes 'final,' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'"))

Petitioner did not file a petition for post-conviction relief in state court until June 2, 2010.[1] (ECF No. 6-9 at 1-9.) By then,

---

[1] Although Petitioner's Petition for Post-Conviction Relief was signed and dated June 2, 2010, it was not marked as received until

3

it was too late to toll the habeas statute of limitations under 28 U.S.C. § 2244(d)(2).

The remaining issue is whether Petitioner's difficulty reading, writing and speaking English, and the lack of Spanish language materials and Spanish language translation assistance in New Jersey State Prison, provide a basis for equitable tolling of the statute of limitations in this matter.

II. DISCUSSION

To be entitled to equitable tolling of the habeas statute of limitations, Petitioner must show he was reasonably diligent in pursuing habeas relief but that his English language deficiencies and the lack of Spanish language legal materials and assistance were extraordinary circumstances that prevented him from timely filing the petition. See Pabon v. Mahoney, 654 F.3d 385, 402 (3d Cir. 2011) (granting evidentiary hearing on equitable tolling.)

In support of his claim that he diligently pursued Spanish language materials and legal assistance to pursue habeas relief under 28 U.S.C. § 2254, Petitioner provided eleven pages of remedy forms and responses that he submitted to New Jersey State Prison, and eleven pages of G-27 forms, titled "New Jersey State Prison Request for Legal Assistance General Population."

---

November 1, 2010.

4

Petitioner's earliest G-27 request for legal assistance form is dated January 21, 2014, and the latest form is dated May 11, 2015. (ECF No. 13 at 7-17.) None of these documents reflect that Petitioner asked for Spanish language legal materials or Spanish language translation for his legal work. In any event, none of these requests suggest that Plaintiff diligently pursued federal habeas relief before January 21, 2014, which was more than four years after the limitations period expired.

Petitioner also submitted his written remedy request forms and responses he received from New Jersey State Prison from January 2011 through January 2014. (ECF No. 13 at 18-29.) The only request Petitioner made for Spanish language materials was a request for a Spanish language sports channel on television. (ECF No. 13 at 25.) As with the G-27 forms, none of the remedy request forms even remotely suggest that Petitioner timely pursued his federal habeas petition before the statute of limitations expired in 2009. Therefore, an evidentiary hearing on this issue is not required because Petitioner has not met his burden.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss Petitioner's habeas petition under 28 U.S.C. § 2254 as time barred.

Dated: \_\_\_1/1/6\_\_\_, 2016

_____
Stanley R. Chesler
United States District Judge