**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|  |  |
|---|---|
| Jorge Alvarado, | Civ. Action No. 15-3878 (SRC) |
| Petitioner, | |
| v. | **OPINION** |
| Stephen D'Ilio, | |
| Respondent. | |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), and Respondent filed a limited answer (ECF No. 6), arguing that the Petition should be dismissed as barred by the statute of limitations, 28 U.S.C. § 2244(d). Petitioner replied that the statute of limitations should be equitably tolled for two reasons: (1) his appellate attorney did not timely notify him that the New Jersey Supreme Court had denied certification of his direct appeal; and (2) the lack of Spanish language legal materials and Spanish language translation assistance contributed to his failure to comply with the statute of limitations. (ECF No. 7.) This Court rejected Petitioner's argument for equitable tolling, based on his appellate attorney's alleged negligence on direct appeal. (Order, ECF No. 8, at 2; ECF

No. 12, at 3.) The parties submitted additional briefing on the issue of equitable tolling, based on the lack of Spanish language legal materials and Spanish language translation assistance available to Petitioner in prison. (ECF Nos. 10, 11, 13-15.)

The Court issued an Opinion and Order dismissing the habeas petition as time-barred. (Opinion and Order, ECF Nos. 16-17.) On the same day the order was filed, Petitioner filed a motion for an extension of time to file a supplemental brief because he had not received all of the discovery responses from the New Jersey Department of Corrections regarding his statute of limitations equitable tolling argument. (Mot for Ext. of Time to File, ECF No. 18.) This Court construed Petitioner's motion for an extension of time to file a supplemental brief as a motion for reconsideration under Rule 60(b), and allowed Petitioner to file a supplemental brief with any newly produced documents from the New Jersey Department of Corrections. (Order, ECF No. 19.) Petitioner's motion for reconsideration is now before the Court.

I.  **BACKGROUND**

In this Court's Opinion and Order dismissing the § 2254 habeas petition as time-barred, the Court noted that for equitable tolling of the habeas statute of limitations to apply, Petitioner must show he was reasonably diligent in pursuing habeas relief but his English language deficiencies and the lack of Spanish language legal materials and assistance were an extraordinary circumstance

that prevented him from timely filing the petition. See Pabon v. Mahoney, 654 F.3d 385, 402 (3d Cir. 2011) (granting evidentiary hearing on equitable tolling.) Petitioner did not offer any evidence that he diligently pursued Spanish language materials and legal assistance to timely pursue his habeas petition before the statute of limitations expired in August 2009. (Opinion, ECF No. 16.) Petitioner, however, had not received discovery responses from the New Jersey Department of Corrections regarding his requests for legal assistance prior to 2014.

## II. DISCUSSION

With his present motion, Petitioner submitted copies of forms "New Jersey State Prison, Request for Legal Assistance, General Population" which he filed in 2007, 2008 and 2011. (Petitioner's Rule 60(b)(6) Motion for Relief for Writ of Habeas Corpus Exhibits, ECF No. 21 at 11-26.) Among those requests, Petitioner wrote, on January 25, 2007: "I want to read some legal papers to be ready for my direct appeal, but there is no Spanish legal papers. I have problems understanding the language;" on February 21, 2007: "I am working in my case and I need help. I don't understand the language very good all my legal letters and Court papers are in English;" on February 24, 2007: "I'm working in my case, I need help. I don't understand the English language very good. I have problem reading my legal papers;" on August 29, 2007: "I need more time to work in my case. I want to be ready for my direct appeal. I'm working in

3

my own, and I have a lot of problem reading and understanding the English;" on September 11, 2007: "I need to look for Spanish material. I have problem with my English and all my legal letter from the Court are in English;" on September 18, 2007: "The Trenton State Prison law library is in English only and I can't read or write English. I can speak a little [bit] only I need some help;" and on September 21, 2007: "I need more time to work in my case. The law library only have two paralegal in Spanish, but they don't translate legal papers and I need some legal material in Spanish my English is not good." There are many similar additional requests in 2008.

While it is clear that Petitioner can read and write some English, it is also clear that he had difficulty understanding legal concepts written in English. Furthermore, he frequently requested help, and he diligently pursued his direct appeals. Particularly relevant here, on June 7, 2008, Petitioner wrote a request for legal assistance: "I'm waiting for my direct appeal decision, and I am working in my next step Federal or Superior Court. I need some help with this. I don't understand the law. I'm working by myself." (ECF No. 21 at 17.) This statement suggests Petitioner was contemplating whether he needed to file his habeas case or his PCR petition, but he did not understand what to do.

Similarly, on August 14, 2008, Petitioner wrote, "I'm waiting for my direct appeal decision. I'm working by myself. I don't

4

speak, read or write English well. I need more time in the law library." On December 5, 2008, Petitioner asked for help translating his legal papers for his lawyer. (ECF No. 21 at 19.) At this point, Petitioner had about ten months remaining to file a timely habeas petition.

Petitioner has presented sufficient evidence to suggest that if Spanish language material had been available to him, he might have better understood the workings of the one-year habeas statute of limitations, and he may have timely filed his petition. However, there is still the possibility that Petitioner's failure to timely file was based solely on waiting for counsel to send him notice of the New Jersey Supreme Court's denial of certification, which is not an extraordinary circumstance that justified equitable tolling of the statute of limitations. Therefore, the Court will grant Petitioner's motion for reconsideration, vacate the February 19, 2016 Opinion and Order dismissing the habeas petition as barred by the statute of limitations, and schedule an evidentiary hearing in this matter.

### III. CONCLUSION

For the reasons discussed above, the Court will grant Petitioner's motion for reconsideration and schedule an evidentiary hearing on equitable tolling of the statute of limitations.

Dated: May 27, 2016

_____
Stanley R. Chesler
United States District Judge