**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| Jorge Alvarado, | Civ. Action No. 15-3878 (SRC) |
| Petitioner, | |
| v. | **OPINION** |
| Stephen D'Ilio, | |
| Respondent. | |

APPEARANCES:

Jorge Alvarado
New Jersey State Prison
P.O. Box 861
Trenton, N.J. 08625
Petitioner, pro se

Stephanie Davis-Elson, Assistant Prosecutor
Office of the Hudson County Prosecutor
Administration Building, 595 Newark Ave.
Jersey City, New Jersey 07306
Counsel for Respondent

I.   BACKGROUND

On June 8, 2015, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), and Respondent filed a limited answer (ECF No. 6), arguing that the petition should be dismissed as barred by the statute of limitations, 28

U.S.C. § 2244(d). There is no dispute that Petitioner filed his habeas petition after the one-year statute of limitations expired.[1]

On August 15, 2016, this Court held an evidentiary hearing on whether the lack of Spanish language materials and translation assistance in New Jersey State Prison created a severe obstacle in Petitioner's attempt to comply with the one-year habeas statute of limitations. See Pabon v. Mahoney, 654 F.3d 385 (3d Cir. 2011)(requiring evidentiary hearing on equitable tolling where Petitioner made showing that lack of Spanish language materials and translation assistance posed a severe obstacle to timely filing of federal habeas petition.)

II. DISCUSSION

Petitioner submitted copies of forms "New Jersey State Prison, Request for Legal Assistance, General Population" which he filed in 2007, 2008 and 2011. (Petitioner's Rule 60(b)(6) Motion for Relief for Writ of Habeas Corpus, Exhibits, ECF No. 21 at 11-26.) Petitioner had requested assistance because there were no Spanish language materials in the prison law library, and the Spanish-speaking paralegals in the prison did not translate legal

---

[1] The statute of limitations expired on or about August 19, 2009, one-year and 90 days after the New Jersey Supreme Court denied Petitioner's petition for certification. (Answer, Ex. 8, ECF No. 6-8, Order Denying Petition for Certification.) The Court dismissed Petitioner's habeas petition as barred by the statute of limitations (Order, ECF No. 17), but vacated that decision on May 27, 2016, and ordered an evidentiary hearing on equitable tolling (Order, ECF No. 24.)

2

papers. Petitioner's written requests for assistance made clear that he was waiting for a decision on his petition for certification from the New Jersey Supreme Court, and he was not sure whether his next step was to file his federal habeas petition or his petition for post conviction relief in Superior Court.

Complicating matters is the fact that Petitioner did not receive, until February 2010, the Public Defender's letter, dated May 23, 2008,[2] notifying him that the New Jersey Supreme Court denied his petition for certification. The New Jersey Supreme Court decision triggered the 90-day period to petition for certification to the U.S. Supreme Court, and, upon the expiration of the 90-day period, the start of the one-year habeas statute of limitations under 28 U.S.C. § 2244(d)(1)(A). See Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999)(quoting Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)("[under § 2244(d)(1)(A), a state court criminal judgment becomes "final,' and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'")

At the hearing, Petitioner testified that, because he could not read and understand the law written in English, he relied on advice of a prison paralegal who told him the next step in the

---

[2] Petitioner's Reply to Respondent's Answer to Petition for Writ of Habeas Corpus, ECF No. 7, Exs. A and B, Letters.

3

appeal process was to file his petition for post-conviction relief in state court. While this advice was technically accurate because a state prisoner must exhaust his state remedies before filing a federal habeas petition, the advice was incomplete.

The federal habeas statute of limitations is only one year, and begins upon the conclusion of direct appeal, but the period to file a post-conviction petition in New Jersey is five years from conviction or sentencing, whichever is challenged. See State v. Milne, 178 N.J. 486, 291 (2004)(quoting State v. Goodwin, 173 N.J. 583, 594 (2002)(citing N.J. Court Rule 3:22-12.)) If a New Jersey state prisoner waits too long to file his petition for post-conviction relief in state court, the federal habeas statute of limitations may expire, and it will be too late for the state post-conviction proceedings to toll the statute of limitations under 28 U.S.C. § 2244(d)(2).

Based on the records in this matter and Petitioner's testimony at the evidentiary hearing, this Court finds that Petitioner filed his § 2254 petition for a writ of habeas corpus after the statute of limitations expired in reliance on the advice of a prison paralegal. The fact that he did not timely receive notice of the decision of the New Jersey Supreme Court was also a contributing factor. Believing that his next step was to file a petition for post-conviction relief in state court, Petitioner was not diligent in complying with the one-year federal habeas statute of

4

limitations. Petitioner testified that he filed his federal habeas petition when he learned from another inmate that the prison paralegal's advice was incorrect.

The Third Circuit has held that an attorney's mistake in calculating the due date for a § 2254 habeas petition is not an extraordinary circumstance justifying equitable tolling of the statute of limitations. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002). The same must apply to the advice of a prison paralegal, because erroneous advice does not prevent a petitioner from asserting his rights. Id. Therefore, Petitioner has not shown an extraordinary circumstance to justify equitable tolling of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A).

III. CONCLUSION

For the reasons discussed above, in the accompanying opinion filed herewith, the Court will dismiss Petitioner's § 2254 habeas petition as barred by the statute of limitations.

Dated: August 23, 2016

                                         s/ Stanley R. Chesler
                                         **Stanley R. Chesler**
                                         **United States District Judge**