UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| JORGE ALVARADO, | |
| Petitioner, | Civil Action No. 15-3878(SRC) |
| v. | OPINION AND ORDER |
| STEPHEN D'ILIO, et al., | |
| Respondents. | |

**CHESLER**, District Judge

This matter comes before the Court upon Petitioner's filing of an application to proceed *in forma pauperis* ("IFP") on appeal. (ECF No. 38). Federal Rule of Appellate Procedure 3(e) states that "[u]pon filing a notice of appeal, the appellant must pay the district clerk all required fees." Nevertheless, "[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a). A litigant who seeks to proceed without prepayment of fees must comply with the requirements of Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915. Pursuant to Federal Rule of Appellate Procedure 24(a), a party appealing a district court action *in forma pauperis* must file a motion in the district court and attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

In order to comply with 28 U.S.C. § 1915(a)(2), the litigant must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

Here, Petitioner seeks to proceed *in forma pauperis*. Petitioner complied with Federal Rule of Appellate Procedure 24 in its original IFP application. First, Petitioner submitted with his original application an affidavit describing his assets and income, asserting he cannot afford to pay the filing fee. (ECF No. 33). Next, he stated in that original application that he was entitled to redress. (ECF No. 33). Finally, he listed eight grounds of appeal. (ECF No. 33). Nevertheless, the Court previously denied without prejudice Petitioner's IFP application for failure to comply with § 1915(a)(2) because he did not have his account statement certified by the appropriate prison official. (ECF Nos. 33, 37).

Petitioner subsequently resubmitted his IFP application with the required certification. Although Petitioner did not resubmit his prison account statement along with the required certification, he has complied with the requirement if the Court reads his account statement filed with his original IFP application (ECF No. 33-1, at 1-6) together with the recently-filed certification. (ECF No. 38, at 3). Thus, upon reading the two applications together, Petitioner has met the requirements of Federal Rule of Appellate Procedure 24 and § 1915, and his IFP application will be granted.

IT IS, on the ___19___ day of ___Dec___, 2016,

**ORDERED** that the Clerk of the Court shall mark this case as OPEN so that the Court may address Petitioner's IFP application; and it is further

**ORDERED** that the IFP application on appeal (ECF Nos. 33, 38) is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall send to Petitioner a copy of this Order and mark this case as **CLOSED**.

STANLEY R. CHESLER

United States District Judge