UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| JORGE ALVARADO, | : |
|               Petitioner, | : Civil Action No. 15-3878(SRC) |
| v. | : MEMORANDUM |
| STEPHEN D'ILIO, et al., | : |
|               Respondents. | : |

This Matter has been opened to the Court by Petitioner's filing of motion appeal out of time pursuant to Federal Rule of Appellate Procedure 4(a)(5). (ECF No. 40.) For the reasons explained below, the Court will grant the motion.

The Court recounts only the facts necessary to resolve the instant motion. On August 23, 2016, following an evidentiary hearing, this Court issued an Opinion and separate Order dismissing Petitioner's petition for writ of habeas corpus as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). (ECF Nos. 30, 31.) On October 3, 2010, Petitioner's Notice of Appeal was docketed. (ECF No. 32.) The Notice of Appeal includes a certification pursuant to 28 U.S.C. § 1746 that Petitioner handed his Notice of Appeal and *in forma pauperis* application to prison officials for filing on September 23, 2016.[1] (ECF No. 32-2.)

---

[1] On October 6, 2016, the Third Circuit remanded the matter so that this Court could consider whether a certificate of appealability should issue. (ECF No. 35.) On October 11, 2016, this Court reopened the matter and denied a certificate of appealability. (ECF 36.) "[T]he requirement of a COA does not alter the time limits for taking an appeal. Thus, a petitioner seeking appellate review of the denial of a habeas petition must be sure to timely file the notice of appeal, whether or not a COA has yet been obtained." *See* § 3968.1 Certificate of Appealability, 16AA Fed. Prac. & Proc. Juris. § 3968.1 (4th ed.).

On October 6, 2016, the Clerk of the Third Circuit Court of Appeals advised Petitioner that his appeal would be submitted to a panel of the Court for possible dismissal due to jurisdictional defect. (*See* ECF No. 40-1.) The Clerk further advised Petitioner that his appeal was not filed within the time prescribed by the Federal Rules of Appellate Procedure and explained, in relevant part, that the District Court has discretion to permit an extension of time where (1) a motion requesting such relief is filed not later than 30 days after the normal period and where (2) good cause or excusable neglect is shown. (ECF No. 40-1, at 1-2 (citing Fed. R. App. P. 4(a)(1) and 4(a)(5).)

Petitioner submitted a response to the Third Circuit, which is dated October 13, 2016 and was received by the Third Circuit on October 19, 2016. (*See* ECF No. 40-1.) In his response, Petitioner asserts, in relevant part, as follows:

> The order denying Petitioner's petition for habeas corpus was entered on August 23, 2016, Petitioner received said order on September 7, 2016. (Attached hereto as Pa1) However, with the limited resources available to Petitioner, on September 23, 2016, Petitioner hand[ed] his notice of appeal to prison officials here at New Jersey State Prison for forwarding to the clerk of the District Court. [F]or reason(s) unknown to the Petitioner, the mailroom did not process Petitioner's outgoing legal mail until September 29, 2016 (Attached hereto as Pa 2 and 3), thus, Petitioner appeal was timely filed pursuant to *Houston v. Lack*, 487 U.S. 266 (1988).

(ECF No. 40-1, Petitioner's Response at 1.) The attachments to Petitioner's response include a postage remit showing the date of September 23, 2016. (ECF No. 40-1, at 4.)

Upon review of Petitioner's response, Third Circuit Judge Kent A. Jordan issued an Order on February 22, 2017, explaining that even if Petitioner handed his notice of appeal to prison officials for filing on September 23, 2017, the appeal was filed one day late. (*See* ECF No. 40.) Nevertheless Judge Jordan determined that "Appellant's response in support of jurisdiction contains language that arguably invokes excusable neglect or good cause as set out in

Rule 4(a)(5)" and directed the Clerk to "forward the jurisdictional response, filed on October 19, 2016, to the District Court, which should consider it as Rule 4(a)(5) motion." The Third Circuit's Order was docketed in this matter, but it was not docketed as a motion. (*See* ECF No. 40.)

Requests to extend the time to appeal are governed by Fed. R. App. P. 4. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *See Bowles v. Russell*, 551 U.S. 205, 213 (2007). "[W]hen an appeal is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it." *Id.* In a civil case, with certain exceptions not applicable here, the notice of appeal required by Fed. R. App. P. 3 must be filed with the district clerk within thirty days after entry of the judgment or order appealed from. *See* Fed. R. App. P. 4(a)(1).

"Rule 4(a)(5)(A) states, '[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.'" *Allen v. Vaughn*, 298 F. App'x 130, 133 (3d Cir. 2008) (citing Fed. R. App. P. 4(a)(5)(A)). "No extension under ... Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C); see also *Wade v. Warden FCI Fairton*, No. CV 15-8925 (RMB), 2017 WL 160827, at *1 (D.N.J. Jan. 13, 2017) (explaining same).

Petitioner's response to the Third Circuit was received on October 19, 2016, within the 60 day period proscribed by Fed. R. App. P. 4(a)(5), and the Circuit Court has instructed this Court to consider his response as a motion to appeal out of time.

From his response, it appears that Petitioner mistakenly believed, and, indeed, still believes, that his appeal would be timely if he handed it to prison officials for filing on September 23, 2016. To be timely under the prisoner mailbox rule, however, his appeal needed to be handed to prison officials for filing one day earlier, *i.e.*, on September 22, 2016, which is 30 days after the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner's response also references "the limited resources available to Petitioner" at New Jersey State Prison. Although he does not provide any facts from which the Court could find that these limited resources prevented him from handing his notice of appeal to prison officials on September 22, 2016, the limited resources may explain why Petitioner waited until what he believed to be the end of the 30-day period to submit his notice of appeal.[2]

Thus, the primary issue before the Court is whether Petitioner's miscalculation of the 30-day period by a single day constitutes excusable neglect.[3] To qualify for an extension of time under the excusable neglect component of Fed. R. App. P. 4(a)(5)(ii), a litigant must assert facts meeting the considerations stated in *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 324–26 (3d Cir. 2012) (applying *Pioneer Investment Serv. Co. v. Brunswick Assoc. Limited Partnership*,

---

[2] Petitioner's response also mentions the fact that prison officials did not mail his notice of appeal until September 29, 2016, but this fact does not affect the timeliness of his notice of appeal under the prisoner mailbox rule, which considers his petition filed on the date he handed it to prison officials for filing. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (a pro se prisoner's notice of appeal is considered "filed" when deposited in the prison's mail system).

[3] *See Ragguette v. Premier Wines & Spirits,* 691 F.3d at 323 n.2 (3d Cir. 2012) ("The good cause standard 'applies in situations in which there is no fault—excusable or otherwise.' Fed. R. App. P. 4 (Advisory Committee's Notes on 2002 Amendments).").

507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and *Consol. Freightways Corp. of Del. v. Larson*, 827 F.2d 916 (3d Cir.1987)).[4]

Here, the Court finds that the *Pioneer* and *Larson* factors weigh in favor of granting Petitioner's motion to extend the time to file a notice of appeal. Here, Petitioner is proceeding pro se without the assistance of an attorney; as such, his miscalculation of the 30-day period does not reflect professional incompetence. Nor does his late filing suggest that Petitioner was completely ignorant of the rules of procedure, as Petitioner knew that he had 30 days to file his appeal but miscalculated the 30-day period. To a certain extent, the tardiness of his appeal could have been avoided had Petitioner not waited until the very last day of the filing period to submit his appeal to prison officials. His inadvertence does not reflect a complete lack of diligence, as

---

[4] In *Ragguette*, the United States Court of Appeals for the Third Circuit listed the following factors to be considered by the Court in analyzing excusable neglect:

> (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, *Campbell v. Bowlin*, 724 F.2d 484 (5th Cir.1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, *Airline Pilots v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir.1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, *United States v. Commonwealth of Virginia*, 508 F. Supp. 187 (E.D.Va.1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, *Reinsurance Co. of America, Inc. v. Administratia*, 808 F.2d 1249 (7th Cir.1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

*Ragguette*, 691 F.3d at 325–26 (citing *Larson*, 827 F.2d at 919). In *Pioneer*, the Supreme Court held that the analysis should be an equitable one and suggested the following factors: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395.

he submitted his notice of appeal on what he believed was the last day of the 30-day period and has cited to a lack of resources at the prison to explain why he did not submit his notice of appeal earlier. The Court also finds that a one-day delay in filing the notice of appeal is unlikely to prejudice Respondent. Although the delay in filing was within the control of Petitioner, the length of the delay is de minimis, and it appears that Petitioner acted in good faith. For these reasons, the Court will grant Petitioner's motion to appeal out of time. An appropriate Order follows.

*[signature]*

Honorable Stanley R. Chesler,
United States District Court Judge